# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2026-0473
Lower Tribunal No. 2002063233

_____

ADRELYNN SHATTELL THOMAS,

Appellant,

v.

DEPARTMENT OF REVENUE and DOUGLAS BERNARD WYCHE,

Appellees.

_____

Appeal from the Department of Revenue.

May 1, 2026

PRATT, J.

Before the Court is Appellee Department of Revenue's motion to dismiss appeal, docketed March 17, 2026. In support of the motion, Appellee cites to the First District's decision in *White v. Department of Revenue*, 390 So. 3d 744 (Fla. 1st DCA 2024). We fully agree with the reasoning of *White*. We write to explain why. For the reasons explained below, we grant the Department's motion and dismiss this appeal for lack of jurisdiction.

Appellant Adrelynn Shattell Thomas's notice of appeal, received by this Court on February 23, 2026, seeks to appeal the final administrative paternity and support

order entered by an administrative law judge of the Division of Administrative Hearings on February 10, 2026, and subsequently rendered by the Department. However, Appellant is an obligee parent—not an obligor parent. This presents an insurmountable jurisdictional hurdle for Appellant.

In *White*, the First District held that section 409.2563, Florida Statutes, "gives only the obligor [parent, or the Department following a hearing before an administrative law judge of the Division of Administrative Hearings,] . . . the right to seek direct judicial review of [an administrative] support order [or a final order denying an administrative support order] in [a district court of appeal]." *Id.* at 745 (citing § 409.2563(10)(a), Fla. Stat.; § 120.68(1)(a), Fla. Stat.) (emphasis omitted).[1]

*White* got it right. Indeed, section 409.2563 is part of a specialized statutory scheme

---

[1] The Department's right to seek judicial review is slightly narrower than the obligor parent's right to seek judicial review. Section 409.2563(10)(a) grants the obligor parent "the right to seek judicial review of an administrative support order or a final order denying an administrative support order in accordance with s[ection] 120.68" irrespective of whether the order was entered by the Department or by an administrative law judge of the Division of Administrative Hearings. In contrast, section 409.2563(10)(a) only gives the Department "the right to seek judicial review, in accordance with s[ection] 120.68, of an administrative support order or a final order denying an administrative support order entered by an administrative law judge of the Division of Administrative Hearings." *See also* § 120.80(14)(c), Fla. Stat. ("The Department of Revenue has the right to seek judicial review under s[ection] 120.68 of a final order entered by an administrative law judge."). However, the same time period for seeking judicial review applies to both the Department and the obligor parent. *See generally* § 120.68(2)(a), Fla. Stat. ("All proceedings [for judicial review] shall be instituted by filing a notice of appeal or petition for review in accordance with the Florida Rules of Appellate Procedure within 30 days after the rendition of the order being appealed.").

that governs the administrative establishment of child support obligations. *See generally, e.g.*, § 409.2563, Fla. Stat.; § 120.80(14)(c), Fla. Stat. Relevant here, the plain text of section 409.2563(10)(a) only provides the obligor parent and the Department—but not the obligee parent—with the right to seek judicial review of an administrative support order or final order denying an administrative support order. *See* § 409.2563(10)(a), Fla. Stat. ("*The obligor has the right to seek judicial review* of an administrative support order or a final order denying an administrative support order in accordance with s[ection] 120.68. *The department has the right to seek judicial review,* in accordance with s[ection] 120.68, of an administrative support order or a final order denying an administrative support order entered by an administrative law judge of the Division of Administrative Hearings." (emphasis added)). Conspicuously absent from section 409.2563 is any language granting the same right to seek judicial review to the obligee parent. *See generally* § 409.2563, Fla. Stat. Reading section 409.2563 in pari materia with section 120.80(14)(c), Florida Statutes, lends further support to the conclusion that an obligee parent does not have the right to seek judicial review in this context. *See* § 120.80(14)(c), Fla. Stat. ("In . . . proceedings for the establishment of administrative support orders pursuant to s[ection] 409.2563, final orders in cases referred by the Department of Revenue to the Division of Administrative Hearings shall be entered by the division's administrative law judge and transmitted to the Department of Revenue

3

for filing and rendering. *The Department of Revenue has the right to seek judicial review* under s[ection] 120.68 of a final order entered by an administrative law judge." (emphasis added)).

We note that section 120.68 could perhaps be read in isolation in the limited context of chapter 120 on some set of facts to authorize an obligee parent the right to seek judicial review of an administrative support order or final order denying an administrative support order. *See generally, e.g.*, § 120.68(1)(a), Fla. Stat. (generally providing that "[a] party who is adversely affected by final agency action is entitled to judicial review"); § 120.52(13), Fla. Stat. (containing a number of statutory definitions applicable to chapter 120, including the definition of the term "party"). However, that's not how section 120.68 operates in light of the language of section 409.2563, as we do not read statutes in isolation, nor do we read them to render related statutes ineffectual or superfluous unless the statutory text requires us to do so. *See generally, e.g.*, *Conage v. United States*, 346 So. 3d 594, 598 (Fla. 2022) ("Viewed properly as rules of thumb or guides to interpretation, rather than as inflexible rules, the traditional canons of statutory interpretation can aid the interpretive process from beginning to end (recognizing that some canons, like the rule of lenity, by their own terms come into play only after other interpretive tools have been exhausted)."); Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 63, 174, 252 (2012) (discussing a number of

4

interpretive principles, including the presumption against ineffectiveness, the surplusage canon, and the related-statutes canon). We instead hew to the "supremacy-of-text principle" when interpreting statutes—namely, the principle that "[t]he words of a governing text are of paramount concern, and what they convey, in their context, is what the text means." *Coates v. R.J. Reynolds Tobacco Co.*, 365 So. 3d 353, 354 (Fla. 2023) (alteration in original) (citation omitted); *see, e.g.*, *Ham v. Portfolio Recovery Assocs., LLC*, 308 So. 3d 942, 947 (Fla. 2020) (explaining that "the goal of interpretation is to arrive at a 'fair reading' of the text by 'determining the application of [the] text to given facts on the basis of how a reasonable reader, fully competent in the language, would have understood the text at the time it was issued" (quoting Scalia & Garner at 33) (alteration in original)). Applying the aforementioned interpretive principles to section 409.2563 and section 120.68, we hold that the specific granting in section 409.2563 of the right to seek judicial review of an administrative support order or final order denying an administrative support order to the obligor parent and the Department in accordance with section 120.68 necessarily forecloses the obligee parent from utilizing section 120.68 to seek judicial review of the same. And here, that means that only Appellee and the Department—not Appellant—could have sought judicial review of the support order at issue in this appeal. But because Appellant—not Appellee or the Department— filed this appeal, our jurisdiction has not been properly invoked pursuant to section

5

409.2563's limited application of section 120.68 to statutorily authorized appeals filed by obligor parents and the Department. *See* § 409.2563(10)(a), Fla. Stat.; § 120.68(1)(a), Fla. Stat.; *see also* § 120.80(14)(c), Fla. Stat.

Should Appellant seek "to challenge the amount of the support order" at issue in this appeal, she "must go to circuit court." *White*, 390 So. 3d at 745-46 (citing § 409.2563(10)(c), (2)(g), Fla. Stat.).

Accordingly, consistent with *White* and our foregoing analysis, we dismiss this appeal for lack of jurisdiction. *See generally* art. V, § 4(b)(2), Fla. Const. ("District courts of appeal shall have the power of direct review of administrative action, *as prescribed by general law*." (emphasis added)).

DISMISSED.

TRAVER, C.J., and STARGEL, J., concur.

Adrelynn Shattell Thomas, Winter Haven, pro se.

James Uthmeier, Attorney General, Tallahassee, and Sarah C. Prieto, Assistant Attorney General, of the Office of the Attorney General Child Support Enforcement, Fort Lauderdale, for Appellee, Department of Revenue.

No Appearance for Appellee, Douglas Bernard Wyche.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF TIMELY FILED